FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2006 JAN -3 AM 9: 35

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CORRINE WATSON | CIVIL ACTION |
| VERSUS | NO: 05-3753-PB-SS |
| JO ANNE BARNHART, COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION | |

### REPORT AND RECOMMENDATION

On August 11, 2005, the plaintiff, Corrine Watson ("Watson"), filed a complaint based on 42 U.S.C. § 405(g). Rec. doc. 1. The defendant, Jo Anne Barnhart, Commissioner of Social Security Administration ("Commissioner"), filed a motion to dismiss on the ground that there is no jurisdiction under Section 405(g). The motion was referred to the undersigned. Rec. docs. 6 and 8. For the reasons described below it is recommended that the motion to dismiss be granted.

In U.S. ex rel. Willard v. Humana Health Plan of Texas Inc., 336 F.3d 375 (5th Cir. 2003), the Fifth Circuit held that:

> The central issue [on a Rule 12(b)(6)] is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. Under Rule 12(b)(6), a claim may be dismissed when a plaintiff fails to allege any set of facts in support of his claim which would entitle him to relief and the court accepts as true the well-pled factual allegations in the complaint, and construes them in the light most favorable to the plaintiff.

___ Fee____
___ Process____
_X_ Dktd____
___ CtRmDep____
___ Doc. No____

Id. at 379.  Watson's complaint demonstrates that on November 9, 2000 she filed an application for supplemental security income ("SSI") under Title XVI of the Act, 42 U.S.C. § 1382(a)(3).  The application was denied on January 9, 2002 (the "first decision"), but it was not appealed.  A second application for SSI was filed on February 26, 2002 with additional medical evidence.  Watson was found disabled beginning on February 1, 2002.  On December 30, 2002, she submitted a request that the Commissioner reopen the first decision.  Rec. docs. 1 and 6.

Pursuant to 20 C.F.R. §§ 404.987 and 404.988(a), for any reason and within twelve months of the date of the initial determination a claimant may request that the Commissioner reopen a decision that would otherwise be final.  Both parties state that on November 18, 2002 the Administrative Law Judge ("ALJ") issued an order dismissing the request to reopen the first decision as untimely.[1]  The Commissioner acknowledges that the ALJ erred in denying the request as untimely, but contends the error was harmless.  The ALJ did not rule on whether good cause was present to reopen the first decision.

Watson alleges that, with the second application, evidence was presented that the ALJ should have considered as new and material evidence in support of the request to reopen.  She requests an order remanding the request to reopen the first decision to the ALJ for a determination as to whether there was good cause for reopening that decision.

The Commissioner argues that a discretionary denial of a plaintiff's request to reopen a prior claim is not subject to judicial review.  Califano v. Sanders, 430 U.S. 99, 107-108, 97 S.Ct. 980, 985

---

[1] Both parties incorrectly describe the date of the dismissal order as November 18, 2002.  This date is prior to the date of the request to reopen the first decision.  Presumably, the parties are referring to the decision dated November 18, 2004.

2

(1977) (42 U.S.C. §405(g) "cannot be read to authorize judicial review of alleged abuses of agency discretion in refusing to reopen claims for social security benefits").[2] In <u>Robertson v. Bowen</u>, 803 F.2d 808 (5th Cir. 1986), the Fifth Circuit found that federal courts have no subject matter jurisdiction to review a decision by the Commissioner declining to reopen a case. <u>Id</u>. at 810. Subject matter jurisdiction would exist only if a colorable constitutional claim is asserted. <u>Califano</u>, 97 S.Ct. at 986. In <u>Robertson</u>, a mere allegation of denial of due process, however, was not sufficient to create jurisdiction. 803 F.2d at 810. Watson has not alleged the existence of a colorable constitutional claim.

> This is not one of those rare instances where the Secretary's denial of a petition to reopen is challenged on constitutional grounds. Respondent seeks only an additional opportunity to establish that he satisfies the Social Security Act's eligibility standards for disability benefits. Therefore, § 205(g) does not afford subject-matter jurisdiction in this case.

<u>Califano</u>, 97 S.Ct. at 986.

IT IS RECOMMENDED that the Commissioner's motion to dismiss (Rec. doc. 6) be GRANTED.

## OBJECTIONS

A party's failure to file written objections to the proposed findings, conclusions and recommendations in a magistrate judge's report and recommendation within ten (10) working days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district

---

[2] The regulations also provide that the Commissioner's action denying a claimant's request to reopen a decision are not subject to judicial review. 20 C.F.R. § 404.903(1).

court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

New Orleans, Louisiana, this 30th day of December, 2005.

_____<br>
**SALLY SHUSHAN**<br>
**United States Magistrate Judge**

4